IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY D. ANGLIN, 162268, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-766-WHA |
| | ) |
| JUDGE J.R. GAINES, et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION AND RELEVANT FACTS

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jeffery D. Anglin, a state inmate, currently incarcerated at the North Alabama Community Work Center. In this complaint, Anglin challenges the constitutionality of orders entered by J. R. Gaines, a judge for the Circuit Court of Montgomery County, Alabama, in a petition for writ of certiorari filed in the state circuit court over which Judge Gaines presided. Doc. 1 at 12.[1] Specifically, Anglin seeks relief from an order issued by Judge Gaines on January 17, 2019 in which the judge denied Anglin's affidavit of substantial hardship and ordered that Anglin pay the $276 filing fee within 30 days or the case would be dismissed. Doc. 1 at 3–4, 12, 32. Anglin also challenges a subsequent order entered by Judge Gaines on February 12, 2019 in which he denied Anglin's motion to vacate the order

---

[1] In the petition for certiorari, Anglin sought to challenge actions of the Alabama Board of Pardons and Paroles.

denying his hardship affidavit and refusing to waive the costs associated with the state case until conclusion of such case. Doc. 1 at 3–4, 12, 38.

Anglin filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals seeking relief from the orders issued by Judge Gaines. Doc. 1 at 12, 18–25. On April 24, 2019, the appellate court denied the mandamus petition holding that "Anglin's inmate account summary shows that in the 12 months preceding the filing of the petition for writ of certiorari he had deposits to his inmate account in the amount of $454. Anglin could have saved the money to pay the filing fee and is not indigent." Doc. 1 at 40 (citation omitted). Thereafter, Anglin filed a petition for writ of mandamus with the Alabama Supreme Court seeking relief from the adverse orders issued by Judge Gaines and the Alabama Court of Criminal Appeals. Doc. 1 at 8–16. On May 29, 2019, the Alabama Supreme Court denied the petition for writ of mandamus. Doc. 1 at 6.

Anglin names Judge Gaines and Attorney General Steven Marshall as defendants in this case. Anglin requests that this court enter an order directing Judge Gaines "to issue a order to ADOC to deduct 20% of all earnings deposited to Plaintiff's prison money on deposit account until the full $276.00 filing fee is paid in full." Doc. 1 at 4.

Upon thorough review of the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

---

[2]This court granted Anglin leave to proceed *in forma pauperis* in this cause of action. Doc. 6. Regardless of the requirement that Anglin pay an initial partial filing fee, the court remains obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are

## II.  DISCUSSION

Anglin alleges that the orders issued by Judge Gaines in the civil action on his petition for writ of certiorari filed with the Circuit Court of Montgomery County, Alabama denying his affidavit of substantial hardship deprived him of his constitutional rights. Anglin sought mandamus relief from the state appellate courts with respect to the challenged orders which both the Alabama Court of Criminal Appeals and Alabama Supreme Court denied.  The claims presented against Judge Gaines provide no basis for relief before this court as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same).  "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted).

---

frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

"This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Anglin against Judge Gaines emanate from actions taken by the defendant in his judicial capacity during state court proceedings over which he had jurisdiction. Judge Gaines is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Anglin's claims against Judge Gaines are "based on an indisputably meritless legal theory" and also fail to state claims on which relief may be granted. As such, these claims are subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Insofar as Attorney General Steven Marshall is named as a defendant for actions he may have taken during his representation of the State in the state court proceedings, the law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the

prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors is 'absolute.'"); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).

The court further finds that, as to Anglin's request for relief from the final orders issued by Judge Gaines in the certiorari action, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Anglin from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201. Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal

5

a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Consequently, the court concludes that summary dismissal of this case, in which Anglin seeks relief from the final orders entered by Judge Gaines in Anglin's certiorari action, is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's claims lodged against the named defendants seeking relief from orders issued by the Circuit Court of Montgomery County, Alabama and upheld by the Alabama Court of Criminal Appeals and the Supreme Court of Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

On or before **November 27, 2019** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's factual findings and legal conclusions set forth in the Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of those factual findings and legal

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact [and legal conclusions] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of November, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE